ORIGINAL

# In the United States Court of Federal Claims

No. 15-1117

(Filed: October 21, 2015)

FILED

OCT 21 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************  *
                               *
                               *
MICHAEL VERBLE,                *
                               *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
THE UNITED STATES, et al.,     *
                               *
              Defendants.      *
                               *
*****************************  *
```

DISMISSAL ORDER

On October 2, 2015, *pro se* Plaintiff Michael Verble filed in this Court a complaint against the United States, former United States Solicitor General Theodore Olson, court personnel in California, and the California Lottery Commission. Mr. Verble claims that in 1987 he won the California lottery. He alleges a California court reporter gave him a note directing payment and told Mr. Verble to present the note to a "cashier" for payment. Compl. at 1, 3. However, he states the cashier refused to pay him and stole the court reporter's note. Compl. at 3. According to Mr. Verble, subsequently the "California Lottery Commission in Australia" paid the winnings to a third-party by "Presidential-GAO wire" while Mr. Verble was in the Philippines. Compl. at 2. Despite claiming $25 million in lottery winnings, Mr. Verble requests $16 trillion dollars in damages. Further, Mr. Verble alleges that this Court and various other courts, including the United States Supreme Court, engaged in "coercive governmental tactics" and committed procedural errors when handling the instant claims, denying him just compensation. Compl. at 1, 3-4.

Because Mr. Verble is proceeding *pro se*, the Court must liberally construe his pleading to "see if he has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (Fed. Cl. 2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Verble's complaint carefully; however, it cannot discern a plausible cause of action therein. See, e.g., Rockefeller v. Chu, 471 F. App'x

829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to suits against the United States for money damages not sounding in tort. However, Mr. Verble appears to rest his claims squarely in tort. While Mr. Verble included the United States as a defendant, the Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction.

To the extent Mr. Verble's pleadings meet the other requirements for subject matter jurisdiction, the Court notes that his nearly 30-year-old claims are likely time-barred. 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). The Court finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge